UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>           Plaintiff,      )<br>                         )<br>     v.      )<br>                         )<br>ALL FUNDS ON DEPOSIT IN THE      )<br>LEE MUNDER WEALTH PLANNING      )<br>RESOURCE ACCOUNT NUMBER      )<br>***-**1080, HELD IN THE NAME OF      )<br>BARRY J. CADDEN IRREVOCABLE      )<br>TRUST, UP TO THE AMOUNT OF      )<br>$1,482,200.26 AS OF      )<br>DECEMBER17, 2014, AND ALL      )<br>INTEREST ACCRUED      )<br>THEREAFTER, *et al.*,      )<br>           Defendants.      ) | Civil Action No. 15-11906 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY
OF A POST-COMPLAINT RESTRAINING ORDER**

On this date, the United States has filed a civil complaint against the following properties:

a. all funds on deposit in the Lee Munder Wealth Planning Resource account number ***-**1080, held in the name of Barry J. Cadden Irrevocable Trust, up to the amount of $1,482,200.26 as of December 17, 2014, and all interest accrued thereafter;

b. all funds on deposit in Middlesex Savings Bank account number *****0416, held in the names of Barry and Lisa Cadden, up to the amount of $95,923.13 as of December 17, 2014, and all interest accrued thereafter;

c. all funds on deposit in Middlesex Savings Bank account number *****0424, held in the names of Barry and Lisa Cadden, up to the amount of $13,316.56 as of December 17, 2014, and all interest accrued thereafter;

(¶¶ a – c collectively, the "Defendant Cadden Funds")

d. all funds on deposit in Merrill Lynch account number ***-*0393, held in the name of Barbara Ann Gulino Trustee, Conigliaro Family Irrevocable Trust FBO A. L. Conigliaro, up to the amount of $1,765,158.47 as of December 22, 2014, and all interest accrued thereafter;

 e. all funds on deposit in Merrill Lynch account number ***-*0443, held in the name of Barbara Ann Gulino Trustee, Conigliaro Family Irrevocable Trust FBO D. A. Conigliaro, up to the amount of $1,765,158.47 as of December 22, 2014, and all interest accrued thereafter;

 f. all funds on deposit in Merrill Lynch account number ***-*0491, held in the name of Barbara Ann Gulino Trustee, Conigliaro Family Irrevocable Trust FBO P. A. Conigliaro, up to the amount of $1,765,158.47 as of December 22, 2014, and all interest accrued thereafter;

 g. all funds on deposit in Merrill Lynch account number ***-*0498, held in the name of Barbara Ann Gulino Trustee, Conigliaro Family Irrevocable Trust FBO W. D. Conigliaro, up to the amount of $1,765,158.47 as of December 22, 2014, and all interest accrued thereafter;

 h. all funds on deposit in Merrill Lynch account number ***-*1147, held in the name of Barbara Ann Gulino Trustee, Conigliaro Family Irrevocable Trust FBO C. D. Conigliaro, up to the amount of $1,765,158.47 as of December 22, 2014, and all interest accrued thereafter;

(¶¶ d – h collectively, the "Defendant Trust Funds")

 i. all funds on deposit in USAA Financial Advisors account number ***-**0378, held in the names of Douglas and Carla Conigliaro, up to the amount of $315.25 as of December 22, 2014, and all interest accrued thereafter;

 j. all funds on deposit in Middlesex Savings Bank account number *****9537, held in the name of Medical Sales Management, Inc., up to the amount of $31,377.04 as of December 22, 2014, and all interest accrued thereafter;

 k. all funds on deposit in Seaside Bank account number ******9192, held in the names of Douglas and Carla Conigliaro, up to the amount of $1,500,308.45 as of December 22, 2014, and all interest accrued thereafter;

 l. all funds on deposit in Florida Community Bank account number ******4002, held in the names of Douglas and Carla Conigliaro, up to the amount of $400,206.57 as of December 22, 2014, and all interest accrued thereafter;

 m. all funds on deposit in Florida Community Bank account number ******6800, held in the names of Douglas and Carla Conigliaro, up to the amount of $99,985.00 as of December 22, 2014, and all interest accrued thereafter;

 n. all funds on deposit in SunTrust Bank account number *********8186, held in the names of Douglas and Carla Conigliaro, up to the amount of $300,702.63 as of December 22, 2014, and all interest accrued thereafter;

    o. all funds on deposit in SunTrust Bank account number *********1652, held in the name of Wilchal, Inc., up to the amount of $646,845.44 as of December 22, 2014, and all interest accrued thereafter;

    p. all funds on deposit in Wells Fargo account number ******9675, held in the names of Douglas and Carla Conigliaro, up to the amount of $7,992.57 as of December 22, 2014, and all interest accrued thereafter;

    q. all funds on deposit in Wells Fargo account number ******6897, held in the names of Douglas and Carla Conigliaro, up to the amount of $1,490,181.19 as of December 22, 2014, and all interest accrued thereafter;

    r. all funds on deposit in JP Morgan Chase Private Client checking account number *****3167, held in the names of Douglas and Carla Conigliaro, up to the amount of $99,200.57 as of December 22, 2014, and all interest accrued thereafter;

    s. all funds on deposit in JP Morgan Chase Private Client savings account number ******1939, held in the names of Douglas and Carla Conigliaro, up to the amount of $1,406,442.78 as of December 22, 2014, and all interest accrued thereafter;

    t. all funds on deposit in Florida Bank of Commerce account number ***8659, held in the names of Douglas and Carla Conigliaro, up to the amount of $499,977.00 as of December 22, 2014, and all interest accrued thereafter;

    u. all funds on deposit in Seacoast National Bank account number ******0206, held in the names of Douglas and Carla Conigliaro, up to the amount of $500,049.86 as of December 22, 2014, and all interest accrued thereafter;

    v. all funds on deposit in Seacoast National Bank account number ******0476, held in the names of Douglas and Carla Conigliaro, up to the amount of $250,011.10 as of December 22, 2014, and all interest accrued thereafter;

    w. all funds on deposit in Seacoast National Bank account number ******0396, held in the names of Douglas and Carla Conigliaro, up to the amount of $250,011.10 as of December 22, 2014, and all interest accrued thereafter; and

    x. all funds on deposit in Fifth Third Bank account number ******5847, held in the names of Douglas and Carla Conigliaro, up to the amount of $500,208.02 as of December 22, 2014, and all interest accrued thereafter

(¶¶ i – x collectively, the "Defendant Conigliaro Funds"). Hereafter, the Defendant Cadden Funds, the Defendant Trust Funds and the Defendant Conigliaro Funds shall be referred to collectively as the "Defendant Properties."

The Complaint also alleges that the Defendant Cadden Funds and Defendant Conigliaro Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) in that the Defendant Cadden Funds and Defendant Conigliaro Funds constitute properties involved in money laundering in violations of 18 U.S.C. § 1957. The Complaint further alleges that the Defendant Cadden Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in that the Defendant Cadden Funds are derived from proceeds traceable to mail fraud in violation of 18 U.S.C. § 1341. The Complaint also alleges that the Defendant Trust Funds and Defendant Conigliaro Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in that the Defendant Trust Funds and Defendant Conigliaro Funds constitute or are derived from proceeds traceable to the transfer or concealment of assets in connection with a case under Title 11 of the United States Code in violation of 18 U.S.C. § 152(7). The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides the Court with broad powers to issue orders to preserve property once a civil forfeiture complaint has been filed. In this case, the United States seeks a restraining order to prevent the transfer of the Defendant Properties without approval of the Court and to ensure that the value of the Defendant Properties is maintained during the pendency of this forfeiture action.

## ARGUMENT

**A. The Court is Vested with the Authority to Issue an *Ex Parte* Post-Complaint Restraining Order.**

CAFRA vests the Court with wide authority to preserve the availability of property for forfeiture. Title 18, United States Code, Section 983(j)(1)(A), the CAFRA provision governing the granting of restraining orders to maintain and secure property following the filing of a civil forfeiture complaint, specifically provides:

> **j) Restraining orders; protective orders.--**

**(1) Upon application of the United States, the court may enter a restraining order** or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture --

    **(A)** **upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture**; or

    (B) prior to the filing of such a complaint, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing ...

(2) An order entered pursuant to paragraph (1)(B) shall be effective for not more than 90 days, unless extended by the court for good cause shown, or unless a complaint described in paragraph (1)(A) has been filed.

(3) A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when a complaint has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought is subject to civil forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than 10 days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this paragraph shall be held at the earliest possible time and prior to the expiration of the temporary order.

18 U.S.C. § 983(j)(1)(A) (emphasis added).[1]

---

[1] The United States notes that the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which govern *in rem* civil forfeiture actions, also give this Court authority to issue restraining orders. Rule G(7)(a) of the Supplemental Rules provides:

    Preserving and Preventing Criminal Use of Property. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

The plain language of 18 U.S.C. § 983(j)(1)-(3) contemplates three circumstances in which the United States may apply for a restraining order to "seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." *See* 18 U.S.C. § 983(j). Two of those are before a forfeiture complaint is filed, and for which the statute provides for the entry of temporary restraining orders, *i.e.*, the statutory provision dictates an expiration date for the restraining order. *See* 18 U.S.C. § 983(j)(1)(B)-(3). First, the government may file an *ex parte* application for a restraining order prior to filing a complaint. Any order issued under those circumstances shall not be effective for more than fourteen days unless extended for good cause shown or by agreement. *See* 18 U.S.C. § 983(j)(3). Second, the government may file an application for a restraining order, again before filing a complaint, after notice to persons appearing to have an interest in the property. *See* 18 U.S.C. § 983(j)(1)(B). The expiration of any restraining order issued under this scenario is not more than 90 days, unless extended by the court for good cause shown, "or unless a complaint [alleging that the property is subject to civil forfeiture] is filed." 18 U.S.C. § 983(j)(2).

The third circumstance contemplated by 18 U.S.C. § 983(j) is the one requested here: The issuance of a restraining order – with no expiration date – "upon the filing of a civil forfeiture complaint." 18 U.S.C. § 983(j)(1)(A). As detailed above, Section 983(j)(1)-(3) expressly sets time limitations on pre-complaint restraining orders, but there is no statutory time limitation on a restraining order issued after the filing of a civil forfeiture complaint. *See* 18 U.S.C. § 983(j)(1)(A).

Under the statutory scheme of Section 983(j), whether or not a restraining order is temporary turns on whether a complaint has been filed. Under Section 983(j)(2), a temporary

(up to 90-day) restraining order obtained with notice to persons appearing to have an interest in the property sheds its expiration date if a civil forfeiture complaint is filed. *See* 18 U.S.C. § 983(j)(2) ("shall be effective for not more than 90 days, unless extended by the court for good cause shown, <u>or unless a [civil forfeiture complaint] has been filed</u>") (emphasis added). Therefore, the filing of a complaint allows issuance of a restraining order with no time limitations *or* the conversion of a pre-complaint temporary restraining order into a permanent one. In addition, the statutory provisions that govern applications for pre-complaint temporary restraining orders specifically state whether or not notice is required and the ramifications thereof (*i.e.*, 90-day time limitation versus a 14-day limitation). *See* 18 U.S.C. § 983(j)(1)(B)-(3). In contrast, the statutory provision that governs post-complaint restraining orders contemplates *ex parte* applications because it does not mandate notice. *See* 18 U.S.C. § 983(j)(1)(A); *see also Nken v. Holder*, 129 S.Ct. 1749, 1756 (2009) ("[S]tatutory interpretation turns on 'the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'"), citing *Robinson v. Shell Oil Co.,* 519 U.S. 337, 341 (1997).

### B. The Restraining Order Sought by the United States Serves the Interests Underlying 18 U.S.C. § 983(j)(1)(A).

The governmental interests to be considered in fashioning a restraining order are evident from the statutory language: "to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. § 983(j)(1)(A). Upon the conclusion of the forfeiture action, if the United States prevails, the Defendant Properties will be forfeited pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of 18 U.S.C. § 1957; and/or forfeited pursuant to 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. §§ 1341; and/or 152(7). As the Supreme Court has made clear in the analogous criminal context, the purpose of the provision authorizing restraining orders is to ensure that the commands of the substantive forfeiture provision are carried out, that

is, that the property remains fully available at the end of the case. *See United States v. Monsanto,* 491 U.S. 600, 612-13 (1989); *see also In re. Billman,* 915 F.2d 916, 921 (4th Cir. 1990); *see also United States v. Bollin*, 264 F.3d 391, 421 (4th Cir. 2001). Similarly, in the civil forfeiture context, the Supreme Court – even prior to enactment of CAFRA – noted that "the Government's legitimate interests at the inception of forfeiture proceedings are to ensure that the property not be sold, destroyed, or used for further illegal activity prior to the forfeiture judgment." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 58 (1993).

Here, the restraining order sought by the United States serves these interests directly. The proposed order requires the owners or other potential claimants to take certain, basic steps to ensure that the Defendant Properties (or their full value) remain available for forfeiture. While these activities are explained in more detail in the attached proposed order, they are summarized below.

First, the proposed order prohibits (except without prior approval of this Court and upon notice to the United States and opportunity for the United States to be heard) the sale or transfer of the Defendant Properties. Obviously, if the Defendant Properties are transferred, they may not be available for forfeiture. To preserve the interest of the United States in the value of the Defendant Properties, if any Court-approved transfer takes place, the proposed order requires that the proceeds be made available as a substitute *res*. The proposed restraining order also seeks to preserve the Defendant Properties by prohibiting the owners from knowingly engaging in or any illegal activity.

Second, the proposed order serves the United States' recognized interest in maintaining the full value of the forfeitable property. *Cf.* 18 U.S.C. § 2232 (providing up to five years' imprisonment for anyone who knowingly "destroys, damages, [or] wastes" property that is

"subject to the *in rem* jurisdiction of a United States court for purposes of civil forfeiture under federal law," for the purpose of "impairing or defeating the court's continuing *in rem* jurisdiction over the property").  The proposed order also seeks to prevent diminution of the Defendant Properties' value.

In addition, the proposed order is narrow in scope.  It restrains only the assets that the United States will become entitled to upon the entry of a judgment of forfeiture, *i.e.*, the Defendant Properties.  Moreover, the requested order does not seek seizure of the Defendant Properties.  The Defendant Properties remain in the custody and control of the financial institutions on which they are on deposit.  The requested order simply provides some restraints to prevent the properties from being dissipated or removed from the Court's jurisdiction pending the outcome of this litigation.  In sum, the proposed order enables the Court to ensure that the Defendant Properties are secured, maintained and preserved for forfeiture.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests the entry of a post-complaint restraining order in the form submitted herewith.

                                        Respectfully submitted,

                                        CARMEN M. ORTIZ
                                        United States Attorney

                                 By: /s/ Veronica M. Lei
                                     VERONICA M. LEI
                                     Assistant U.S. Attorney
                                     U.S. Attorney's Office
                                     1 Courthouse Way, Suite 9200
                                     Boston, MA 02210
                                     (617) 748-3100
Date: May 22, 2015                       veronica.lei@usdoj.gov

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing document, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                               /s/ Veronica M. Lei
                                          VERONICA M. LEI
                                          Assistant United States Attorney

Date: May 22, 2015